FILED

2019 JAN 29 PM 12: 26

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY

STEPHEN PAUL GIBSON, ESTATE

By: stephen paul, House of Gibson
Private Civilian, Californian, American National
Private Living Beneficiary
Standing *in allodium* in Exclusive Equity
On the land county San Bernardino
*de jure* California state of the Union

c/o SPG Utility Trust
305 N. 2nd Avenue, #198
Upland, California
DMM & ZIP Exempt, near [91786]
575-779-0684

The United States of America )
California state of the Union ) s.a.
San Bernardino county )

**UNITED STATES DISTRICT COURT**
**CALIFORNIA CENTRAL DISTRICT, EASTERN DIVISION**

| | | |
|---|---|---|
| **U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST**<br>**Plaintiff(s)**<br>**Vs.**<br>**KENNETH COUSENS; JASON BRADLEY POWERS; JERRY BERNEATHY; STEPHEN PAUL GIBSON and DOES 1-10, inclusive**<br>**Defendant(s)** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CASE NO. 5:18-cv—02668-SJO-KK**<br>**Petition for Ex Parte and to Exclude Public under SEALED Proceeding**<br>**Notice of Conflict and Variance of Law**<br>**Verified** |

Petition for Ex Parte and to Exclude Public under SEALED Proceeding
Notice of Conflict and Variance of Law
stephen paul, House of Gibson, Real Party in Interest
Page 1 of 17

| **stephen paul, House of Gibson**<br>**Real Party in Interest and**<br>**Third Party Intervener by**<br>**Special, Private and Restricted**<br>**Ministerial Visitation**<br><br>**Holding priority claim, and equitable Interests as Real Party in Interest and Heir to the ESTATE** | | **Jurisdiction Protected by your Constitution for the United States of America, Article III, Section 2, Clause 1; and My Exclusive Equity Proceeding Governed by Maxims of English-American Equity**<br> |
|---|---|---|

INTERNATIONAL FLAG OF PEACE

**To CLERK OF COURT and Judge In Camera:**

**Petition for Ex Parte and to Exclude Public under SEALED Proceeding**

**Notice of Conflict and Variance of Law**

I, stephen paul (My "Name" is defined by special term Private Ecclesiastical Court Writ of Entry and Court of Record Order for Name Change, made public at Lamar County Superior Court, Georgia, record number BPA Book 92, pages 721-742 on December 17, 2018 at 10:35 a.m., described below and annexed to concurrent filing "Warrant for Jurisdiction" as Exhibit Four), proceeding as Real Party in Interest and Third Party Intervener herein with full judicial power and as Declarant, (hereinafter "Declarant"). I do herewith make this oath and affirm under penalty of perjury of the laws of the United States of America (without the United States, 28 USC 1746(1)) and the laws of California state of the Union that the statements in this Declaration (in Affidavit Form) of "Notice of Conflict and Variance of Law & Demand to Show Cause" are true, correct, complete and certain, made pursuant to My own personal first hand knowledge, except as to the matters therein stated to be on information and belief, and these matters I believe to be true and correct, to wit:

Petition for Ex Parte and to Exclude Public under SEALED Proceeding
Notice of Conflict and Variance of Law
stephen paul, House of Gibson, Real Party in Interest
Page 2 of 17

**Personal Status and Standing**

1. Declarant is *in esse, sui juris, in personam,* of the age of majority and competent to testify on my own behalf; and

2. Declarant has perfected such status and standing by publication of Declaration of Status, Disclaimer of Trusteeship and other relevant documents, noticed and fully accepted by holders of High Office of the United States or United States of America; and

3. Declarant is not "*pro se*" where said term is used to impute a "temporary license for one to practice law as a 'BAR Member' "; and

4. Declarant is a native Indianan who has now established his private home and estate on the free, dry soil of California, now standing thereupon as a Private Civilian, Californian, now taking up his elected domicile within a non-commercial, non-statutory, non-military area, unincorporated private personal estate on California as one of the several states, without the District of Columbia and without the Territorial jurisdiction of the United States; and

5. Declarant's personal mailing location for all service of process is "Stephen Paul Gibson Living Estate Trust", general-post, Upland, nation California, DMM & ZIP Exempt, near postal code [91786], c/o Postmaster General, 333 E. Arrow Highway, Upland, California; and

6. Declarant is a Real Party in Interest and stakeholder in this matter, involving his natural and purely equitable and legal rights to property, well-being, safety, protection and happiness, which has been secured pursuant to the Safe Passage, Safe Harbor and Hospitality of the United States; and

7. Declarant's non-judicial process of status correction is complete and of both public and private record, and all records and evidence thereof shall be provided *in camera* to the sitting judge in this matter; and

8. Said process of status correction has separated Declarant from the public franchise and juristic personality, inclusive of the above referenced Writ of Entry that has established complete separation from said ens legis entity and has made permanent his true name as stephen paul (see annexed Writ of Entry with Warrant for Jurisdiction); and

Petition for Ex Parte and to Exclude Public under SEALED Proceeding
Notice of Conflict and Variance of Law
stephen paul, House of Gibson, Real Party in Interest
Page 3 of 17

9. Declarant is a beneficially interested Private Civilian, Private Californian national, without the District of Columbia, and without the Territorial jurisdiction of the United States. Declarant is at peace with the United States and neutral in the public, having fully established his non-bankrupt, non-combatant, non-enemy and non-belligerent status. He is a peaceful civilian and is clothed with non-statutory status under natural law, the doctrine and principles of exclusive equity jurisprudence and has unalienable rights protected under the executed "The unanimous Declaration of the thirteen united States of America" established *ab initio on the date July 4, 1776*, and Declarant fully acknowledges and accepts said Declaration as Grantee and thereby holds inherent and substantive rights thereof; and

10. Declarant is not subject to, nor consents to, your martial or Roman municipal due process of law superimposed by the District of Columbia and Territorial jurisdiction of Article 1 of the Constitution for the United States of America (1789 A.D.), hereinafter "Constitution", nor any other extra-constitutional forms that predate the Constitution, including executive military authority or foreign international authority; and

11. Declarant states that the Union state California recognized a Chancery practice in its organic Union status at the time of the state's admittance into the Union of the several states on or about the year known as 1849 A.D.; and

12. Declarant is not subject to your amended 1917 Trading with the Enemy Act now called "War Powers Act" or the "Emergency Banking Relief Act" of March 9, 1933, (concurrent with President Roosevelt's Proclamation 2040 extending the "bank holiday" of Proclamation 2039, March 6, 1933) now both of which are carried forward as your 12 U.S.C. 95a and 50 U.S.C. App. 5(b); and

13. Declarant consents exclusively to only be subject to the exclusive jurisdiction of a civilian due process of common law and exclusive jurisdiction of American/English Equity Jurisprudence, and My un-enumerated rights are protected by spirit of the Articles of Confederation for The United States of America (circa 1781) and the Constitution for the United States of America (circa 1789) as amended circa 1791; and

14. Declarant is the sole exclusive living beneficiary without adverse notice to the special estate business trust known as STEPHEN PAUL GIBSON Private Business Trust and

Petition for Ex Parte and to Exclude Public under SEALED Proceeding
Notice of Conflict and Variance of Law
stephen paul, House of Gibson, Real Party in Interest
Page 4 of 17

the private and exclusive Stephen Paul Gibson Living Estate Trust (henceforth "Trusts"); and

15. Declarant is not a surety nor is there any evidence that he is a surety or principal for, of, or to the capitonym, *nom-de-guerre* STEPHEN PAUL GIBSON or any of its commercial derivations, aliases, misnomers or *deminutio*, nor is he trustee for the United States franchise STEPHEN PAUL GIBSON; and

16. Declarant has established all of this via his Declaration of Status referenced above and other subsequent documents and declarations, all of which shall be seen only in private chambers for review by exclusively authorized parties; and

17. Declarant's *de jure* private status has not been altered by any federal or state contract or statute, be it express or implied, public or private and therefore Declarant's *de jure*, private status has not been reduced to an inferior grade of surety "U.S. citizenship" status by the state of Declarant's natural birth and/or by the state of Declarant's non-statutory, private and special dwelling on the land recognized only in exclusive Equity as stated hereinabove; and

18. Declarant is not a volunteer to the subject matter accounts*, rights, and property in this complaint under the Maxim "Equity Will Not Aid a Volunteer"; and

19. Declarant is not a quasi-corporate, Public "U.S. citizen" or "corporation sole" in interstate and foreign commerce, for said Public "U.S. citizen" is a commercial organization and instrumentality for purposes of public funds pursuant to public policy post March 9, 1933 under the aforesaid Emergency Banking Relief Act and Trading With the Enemy Act, as amended, and only holds an inferior grade of citizenship status through an implied surety/commercial contract created by operation of law upon its filing with a third party record keeper/public office in the state of its surety's natural birth, all attachments to which have been subsequently fully separated and hence terminated *ab initio* and *nunc pro tunc*, and there is no evidence to the contrary; and

20. Declarant is not a "person within the United States" as per the original wording of the "Emergency Banking Relief Act" passed by the Emergency War Powers Congress on March 9, 1933, it having "confirmed and approved" Presidential Proclamation 2039 of March 6, 1933, and Presidential Proclamation 2040 of March 9, 1933 (12 USC 95b); for the Congress at that time was composed of only quasi-artificial "persons" being Public

Petition for Ex Parte and to Exclude Public under SEALED Proceeding
Notice of Conflict and Variance of Law
stephen paul, House of Gibson, Real Party in Interest
Page 5 of 17

"U.S. citizens" no longer representing the once sovereign "We the People" (formerly composed of all the Private "Citizens of the United States of America"), all such Congressmen of the said Seventy-third Congress having been reduced in their status to the inferior grade of "person within the United States," i.e., a Public "U.S. citizen," by virtue of accepting titles and emoluments from foreign powers. The once sovereign "We the People" thereafter being represented as mere volunteer grantees of an imperfect gift and/or surety for and/or bonded into an *ens legis* juristic personality with said person within the United States," i.e., Public "U.S. citizens"; and

21. Declarant is not "subject to the jurisdiction thereof (the United States)" as per the original wording of the "Emergency Banking Relief Act" passed by the Emergency War Powers Congress on March 9, 1933; for the Congress, in passing said "Emergency Banking Relief Act," consented on behalf of every "person within the United States" to the Emergency War Powers Jurisdiction (executive, legislative and judicial) of the United States imposed by Presidential Proclamation 2039 on March 6, 1933; therefore, Declarant is not a "person ... subject to the jurisdiction of the United States" under 12 USC 95a and 50 USC App. 5(b); and

22. Declarant, being a Private Civilian, Californian with subordinate status as Private American National is not a "person ... subject to the jurisdiction thereof" (the United States)" pursuant to Section 1 of the Fourteenth Amendment to the Constitution of the United States of America. The peacetime, civilian "jurisdiction of the United States" being unaltered by Emergency War Powers statute codified at 12 USC 95a and World War I statute codified at 50 USC App. 5(b); and

23. Declarant has the constitutional right to an organic civilian due process of law (as opposed to a martial/emergency war powers due process of law) secured from federal infringement by the Fifth Amendment; and

24. Declarant is neither the surety for/property of, nor a de facto, conquered "person within the United States" defined by your "Emergency Banking and Relief Act" (12 USC 95a) and ruled by the *de facto* Emergency War Powers military government of the United States; therefore, Declarant is neither a *de facto* "belligerent" nor a *de facto* "rebel" subject to suppression pursuant to the fourth section of the Fourteenth Article of Amendment, publicly residing according to statute within any state deemed a *de facto*

Petition for Ex Parte and to Exclude Public under SEALED Proceeding
Notice of Conflict and Variance of Law
stephen paul, House of Gibson, Real Party in Interest
Page 6 of 17

"conquered territory" by the *de facto* emergency war powers military government of the United States imposed by President Franklin D. Roosevelt on March 9, 1933, via Proclamation 2040 "approved and confirmed" by Congress on that very same day, March 9, 1933"; and

25. Declarant has a fundamental conflict being subjected to a martial/emergency war powers due process of law (criminal and/or civil) by the temporary martial/public court jurisdiction in its mistaken attempt to use this Court to impose said martial Emergency War Powers due process of law in violation of Declarant's constitutional right to a peacetime/civilian due process of law on both a federal and state level; and

26. Declarant has a fundamental conflict in being mistakenly treated by a temporary martial public court jurisdiction as though Declarant is a *de facto* "rebel" and/or a *de facto* "belligerent" publicly residing in a state deemed a *de facto* "conquered territory" ruled by a *de facto* emergency war powers military government at the direction of the President of the United States sitting in a "temporary" extra-constitutional, emergency war powers capacity as a *de facto* martial Conqueror and military Commander-in-Chief over every "person within the United States" (defined by the "Emergency Banking Relief Act") and "subject to the jurisdiction thereof (the United States)" (12 USC 95a), both artificial and natural, both civilian and military; and

27. Declarant has a fundamental conflict with the temporary martial public court jurisdiction because Declarant owes no "temporary" allegiance to the "temporarily established, *de facto*, Emergency War Powers military government imposed on March 9, 1933 (12 USC 95a), it having ousted and replaced the *de jure*, constitutional government of the United States of America (in force from March 4, 1789, to March 9, 1933) intended to be restored once the "temporary emergency has been terminated by the president, acting in the capacity of Commander-in-Chief, by repealing Proclamation 2040, the Emergency War Powers Congress also repealing the "Emergency Banking Relief Act" (12 USC 95a & b) as well as the "Trading With the Enemy Act" (especially 50 USC App. 5(b)) and thereby restoring non-surety, *de jure*, Private American National status as subordinate to the superior and dominant status of state nationals, e.g., Californian, to all Americans as well as restoring peacetime, constitutional, *de jure* jurisdiction of the United States (executive, legislative and judicial) throughout the land; and

## NOTICE OF CONFLICT AND VARIANCE AT LAW

28. Declarant's causes of action are purely equitable and not cognizable at law — much less at martial due process — and rely exclusively on the recognition and enforcement of purely equitable rights; and

29. Declarant's causes of action are purely equitable by nature because he seeks protections of rights born of special private fiduciary trust relations between the parties, either express, resulting, constructive, or executory upon which Declarant has relied for fair dealing, good faith, clean hands, accurate, complete, and equitable treatment, complete accounting of the ledgers both public and private, and leaving no room for casuistry (Gibson Suits In Chancery, §46); and

30. Declarant does not rely on legal nature Statutes and Codes but the essential soul, spirit, warp and woof of the Maxims of Equity (Box v. Tanier, 4 Cates, 409, Beard, Ch. J., Kent's Com., 553) and where Plaintiff sets jurisdiction by doctrine it is this Defendant's stated and expressed intent by the concurrently filed Warrant of Jurisdiction that the proceeding is conducted in accordance with the rules of Equity, and procedures as taught in §1 thru §60 of Chancellor Henry R. Gibson's "Suits in Chancery" 1907 book annexed by reference and inclusion herewith, see Exhibit "Notice of Laws of the Case"; and

31. Declarant is generally Constitutionally entitled to a jury of his peers, however, he is jurisdictionally prohibited from such a Trial by Jury (not jury trial) unless the peers are all certifiably private nationals of one of the several states holding Private American National status of the Perpetual Union of unincorporated states (circa 1781) as is Declarant and when a Trial by Jury is not suitable for the subject matter a court of chancery and equity shall take jurisdiction; and

32. Declarant is without full facts of the assets of the trust and relies exclusively on the mode of compelling the trustees in the matter (only viewable in chambers) to make disclosure and therefore a discovery by suit in equity is indispensable (Pomeroy §229); and

33. Declarant is without full and adequate relief at law given that at law does not recognize the primary rights and duties, estates and interests which it creates, and the remedial

Petition for Ex Parte and to Exclude Public under SEALED Proceeding
Notice of Conflict and Variance of Law
stephen paul, House of Gibson, Real Party in Interest
Page 8 of 17

rights and duties enforced by the various remedies which it confers, and at law does not present the principles, doctrines, and rules concerning these primary rights, estates, trusts and interests (Pomeroy §128); and

34. Under the doctrine of election Declarant seeks to trace the assets of the trust and does not seek to hold the trustee personally liable (Maxim of Equity: "Equity Sees That As Done that Which Ought to Be Done"); and

35. Trustees have not disclaimed trusteeship and therefore are bound to fiduciary and custodial duties, and as a trust it must be seen in equity and is not a matter of legal process (Maxim of Equity: "Equity Will Take Jurisdiction to Avoid a Multiplicity of Suits"); and

36. Declarant is a Private Civilian, Californian and invokes all protections and immunities of the United States from the *de facto* war powers government *ab initio* March 9, 1933 and its martial due process; and

37. Declarant has an inherent conflict with, and takes exception to the 1938 version and successive versions of the Federal Rules of Civil Procedure due to the fact that these rules are in direct conflict with the Act of August 23, 1842 regulating proceedings in equity in the courts of the United States where Mr. Justice Daniel said "By the Constitution of the United States, and by the acts of Congress organizing the Federal Courts, and defining and investing the jurisdiction of these tribunals, the distinction between common law and equity jurisdiction has been explicitly declared and carefully defined and established" and where Chief Justice Taney twice spoke about this distinction "The distinction between law and equity is recognized everywhere in the jurisprudence of the United States, and prevails" (Hopkins, Fed. Eq. Pract. page 10), and because the ruling of the Supreme Court of the United States that section two of Article III of the Constitution prohibits the combining of legal and equitable procedure and remedies in the Federal courts" (Hopkins, New Fed. Eq. Rule, 1912, page 13, 8913, Revised Statutes, United States Comp. St., 1901, p. 683); and

38. It was made explicitly clear by the Supreme Court of the United States in its order of December 20, 1937 (Orders of the Supreme Court of the United States Adopting and Amending Rules), in only adopting Section Two of the Congressional Enactment of June 19, 1934 (73rd Congress, Session II, Chapters 651, 652) for the FRCP for the

Petition for Ex Parte and to Exclude Public under SEALED Proceeding
Notice of Conflict and Variance of Law
stephen paul, House of Gibson, Real Party in Interest
Page 9 of 17

**District Courts** of the United States and excluding Section One for the District Courts, that it was the intent of both Congress and the Supreme Court to preserve within the general rules of the still extant **district court** of the United States in Section One that "said rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant". This obvious exclusion established that the Equity Rules of 1912 were never supplanted by the Federal Rules of Civil Procedure; and

39. Declarant's private equitable rights of a purely substantive nature are inherently in conflict with the general rules of law, State adopted "General Rules of Civil Procedure", Federal Rules of Civil Procedure *ab initio* 1938, and the general at law martial due process *de facto* martial government since President Roosevelt's Proclamation 2040 and the Emergency War Powers Act of 1933; and

40. Declarant's rights are purely equitable by nature because they are rights born of special private fiduciary trust relations between the parties, either express, resulting, constructive, or executor, regarding ALL securities, negotiable instruments, contracts, and other chattels; and

41. Declarant's rights are not cognizable in courts of law or the modern merged reformed legal system pursuant to administrative procedures administering ongoing bankruptcy proceedings of the United States via FRCP "single action civil procedures" that only mimic equity but do not provide true equitable remedies and relief, where the procedural distinctions between the courts of law and equity were merged, albeit, the jurisdictions are wholly unaffected (Pomeroy Equity Jurisdiction, §354) and "Where, on the other hand, the new power is conferred upon the law courts by statutory legislation, the rule is well settled that unless the statute contains negative words or other language expressly taking away the pre-existing equitable jurisdiction, or unless the whole scope of the statute, by its reasonable construction and its operation, shows a clear legislative intent to abolish that jurisdiction, **the former jurisdiction of equity to grant its relief under the circumstances continues unabridged**" (Pomeroy Equity Jurisdiction, §279); and

42. Declarant's substantive rights are in direct inherent conflict with the modern concurrent jurisdiction created by the Judicature Act of 1873, amended 1875; Declarant's conflict with the reformed procedure is that the ancient separation into exclusive jurisdiction no longer furnishes an adequate nor even a true principle upon which to classify the body of

Petition for Ex Parte and to Exclude Public under SEALED Proceeding
Notice of Conflict and Variance of Law
stephen paul, House of Gibson, Real Party in Interest
Page 10 of 17

equity jurisprudence and is in direct conflict with the reformed procedure (Pomeroy Equity Jurisdiction, §125; and "In other words, while every equitable right and interest is enforced and preserved by an appropriate equitable remedy, the remedial jurisdiction of equity extends beyond these somewhat narrowly limited procedures, and embraces many classes of legal rights and interests for the violation of which, under the existing circumstances, the law gives no adequate relief" (Pomeroy Equity Jurisdiction, §128); and

43. Declarant states that there still exists a definite distinction in modes of procedure: "It's easy to say that the distinctive modes of equity procedure are long abrogated by the legislature, while the principles, doctrines, and rules of the equity jurisprudence and jurisdiction are wholly unaffected. To sum up this results in one brief statement, **all equitable estates, interests, and primary rights**, and all the principles, doctrines, and rules of the equity jurisprudence by which they are defined, determined, and regulated, **remain absolutely untouched, in their full force and extent**, as much as though a separate court of chancery were still preserved." (Pomeroy Equity Jurisdiction, §357); and

44. Declarant asserts that since this is a matter of Private Trust it is a special matter and due to exigent circumstances, he is invoking a Court of Equity to protect the interests of said private trust that cannot be seen by this court at-law, as "when there is a conflict between the rules of Law and the rules of Equity over the same subject matter then the rules of equity shall prevail"; and

45. Unless the Court or Plaintiff specifically and on the record disclaim the Trust and show cause as to why they have the authority to do so, be it resolved that the Court and Plaintiff both admit the Trust; and

46. Declarant further asserts on the record, that this court lacks authority over the Trust, and these proceedings are damaging rights on the private not cognizable in this court at-law; and

47. There is a private trust in which an individual not cognizable by this court has rights to property, title and other interests. These proceedings threaten to irreparably damage the rights of a beneficial interest holder in the private; and

Petition for Ex Parte and to Exclude Public under SEALED Proceeding
Notice of Conflict and Variance of Law
stephen paul, House of Gibson, Real Party in Interest
Page 11 of 17

48. Declarant's rights are only cognizable in a court of exclusive equity with the "exclusive equitable jurisdiction, or the power of the courts to adjudicate upon the subject-matters coming within that jurisdiction, exists independently of the adequacy or inadequacy of the legal remedies obtainable under the circumstances of any particular case" (Pomeroy Equity Jurisdiction, §218);

49. Declarant requires exclusive equity where the exercise of the power to adjudicate upon, maintain, enforce, or protect purely equitable primary rights, interests, or estates does not at all depend upon any insufficiency or inadequacy of legal methods and remedies, but solely upon the fact that these primary rights, interests, or estates are wholly equitable, are not recognized by the law nor cognizable by the courts of law, and there is therefore no other mode of maintaining and enforcing them except by the courts of equity. Wherever the complaining **party has purely equitable primary rights, interests, or estates according to the doctrines and principles of the equity jurisprudence, courts having equitable powers do and must exercise their exclusive jurisdiction over the case**, entirely irrespective of the adequacy or inadequacy of legal remedies, for the plain and sufficient reason that the litigant party cannot possibly obtain any legal remedies under the circumstances, **the courts of law do not recognize his rights, and cannot adjudicate upon nor protect his interests and estates**" (Pomeroy Equity Jurisdiction, §119); and

50. Declarant states that: "The exclusive equity jurisdiction is not ousted by statute or else by any express terms or clear and necessary implication. Equitable jurisdiction once having attached to the case will be maintained for the final adjudication of all rights involved (Charles Phelps "Jurid. Eq." §268); and

51. It is generally recognized, initially proceeding from the Judicature Acts of England that ***"In all matters in which there is any conflict or variance between the rules of Equity and the rules of the common law, with reference to the same matter, the rules of Equity shall prevail."*** "And thus in England the triumph of the righteous principles of Equity over the rules of the common law is complete, and, no doubt, final" (*Gibson Suits in Chancery §9; 21, §68; Pom. Eq. Juris. §12; 124, Biph. Pr. Eq. §1; 11;)*"; and

52. Declarant states that due to his reliance on the proper and complete good faith treatment of fiduciaries in the absence of a guardian/ward relation, Declarant is wholly without

Petition for Ex Parte and to Exclude Public under SEALED Proceeding
Notice of Conflict and Variance of Law
stephen paul, House of Gibson, Real Party in Interest
Page 12 of 17

adequate remedy at-Law — even without the public martial process — and thus has an inherit conflict with the rules at-Law pre-1933: "Generally, in all matters in which there is any conflict between the rules of equity and the rules of the common law with reference to the same matter, the rules of equity shall prevail" (Judicature Act 1873), as affirmed at:

- FLANIGUN v. SABLE, 44-417, 46; 854, Supreme Court of Iowa
- RUDISILL v. WHITENER, 146 N.C. 403 (1907), Supreme Court of North Carolina
- STATE EX REL. KNOX v. SPEAKES ET AL, 144 Miss. 125 (1926), Supreme Court of Mississippi
- EX PARTE SEDILLO, 34 N.M. 98 (1929), Supreme Court of New Mexico
- TRANS. FREIGHT LINES v. QUIMBY, 381 Mich. 149 (1968), Supreme Court of Michigan
- ELLIS v. ESTATE OF ELLIS, 2007 UT 77, Supreme Court of Utah

53. Declarant takes exception to the Federal Rules of Civil Procedure passed in 1938, and, the California General Rules of Civil Procedure in state court in general are wholly inadequate as creatures of statute, and are in conflict to Declarant's substantive rights as a beneficially interested private Californian and Private American National *ab initio nunc pro tunc* March 9, 1933; and

54. The modern merged legal system known as "concurrent jurisdiction" or "one civil action" is in conflict with Declarant's right to a distinct separate mode and jurisdiction of Equity under the Constitution for the United States of America, to wit:

55. The Supreme Court [states] that section two of Article III of the Constitution prohibits the combining of legal and equitable procedure and remedies in the Federal courts, (1926 Annotated Federal Equity Rules). Judge Sanborn, of the Eighth Circuit, has said: "The union of legal and equitable causes of action in one suit is prohibited by §913, Revised Statutes (United States Comp. St., 1901, p. 683), **and in removal cases, when such a union is permitted in the state courts from which they come, the causes of**

Petition for Ex Parte and to Exclude Public under SEALED Proceeding
Notice of Conflict and Variance of Law
stephen paul, House of Gibson, Real Party in Interest
Page 13 of 17

**action must be separated into distinct actions at law and suits in equity** in the national courts"; and

56. Declarant's equitable estates, interests, and primary rights, and all the principles, doctrines, and rules of the equity jurisprudence by which they are defined, determined, and regulated, remain absolutely untouched, in their full force and extent, as much as though a separate court of chancery were still preserved." (Pomeroy Equity Jurisdiction, §357); and

57. Declarant is a beneficially interested man in relation to certain special property including but limited to A) The Posterity of the Preamble of The Constitution for the United States of America, and B) "Trading with the Enemy" Act as a spendthrift trust established by Woodrow Wilson, President of the United States of America on October 6, 1917; and C) The special estate trust STEPHEN PAUL GIBSON an unincorporated business trust created by the State of Indiana on April 16, 1959; and D) Other special purposes (private, priority, special and confidential trusts referenced on the record (herein "Trusts"); and

58. Declarant is required to do equity and thus requires Plaintiff in the matter to do the same. All equitable settlements have been received and accepted by parties to this matter and Plaintiff is fully aware, or should be aware of this fact. This requires that this suit must exclude the public and the press in order to protect the national security, the public in general, pursuant to matters of a delicate nature, including but not limited to Declarant's private, privileged, proprietary and confidential, evidence of a restricted nature, and to protect the Plaintiff and this Court as well, including the court officers and the trustees from the Censorship Clause in the Trading With the Enemy Act, circa 1917 and to the private and purely equitable nature of Declarant's trust rights that hence require the public to be excluded; and

59. Declarant holds all beneficial rights by nature in said Trusts under Natural law, and relies heavily on the doctrines of equity jurisprudence to administer substantial justice which is preserved in the ancient English system we inherited and is almost unaffected by modern legal reform (Pomeroy Equity Jurisdiction, §124); and

60. Declarant's beneficial rights of the Trusts are purely equitable in nature, of which law courts refuse to take cognizance (Pomeroy Equity Jurisdiction, $219). And above all

Petition for Ex Parte and to Exclude Public under SEALED Proceeding
Notice of Conflict and Variance of Law
stephen paul, House of Gibson, Real Party in Interest
Page 14 of 17

else, Equity's first and foremost maxim "Equity Regards Done That Which Ought To Be Done" establishes that equity must be done in this matter. (2 Pomeroy's Equity Jurisprudence [5th ed.], §364, pp. 10-12); and

61. **Declarant states he is without actual or constructive notice of prior, equal or superior equities** in the same subject matter referenced herein where if "there is equal equity the law must prevail," and "where there is equal equity priority shall prevail." (Gibson Suits in Chancery §73); and

**Sovereign Birthright Judicial Power Requirement**

62. Declarant is clothed from birth with his birthright unalienable right to his sovereign civilian judicial power within the meaning of his Constitution's Article III, Section 2, clause 1 "equity" and civilian due process; and both are at no time waived, and there is no lesser legal mode, process and procedure consented to by Declarant, and at all times Declarant reserves all of his substantive forms, mode, process and procedure (see "Declaration of Mode of Proceeding" concurrently filed herewith); and

63. Said apex sovereign civilian judicial power, when about core private rights is superior to executive power under military, district and territorial Roman modes of proceeding (SCOTUS: U.S. v Ortiz 2018; Commonwealth of Puerto Rico v Sanchez Valle 2015; National Mut. Ins. Co.v Tidewater Transfer Co., Inc. 1949); and

64. Therefore, Declarant's governing laws and the laws governing the special relation between the parties is Equity protected by Article III, §2, subdivision 1, of the Constitution for the United States of America, "The judicial power shall extend to all cases of law and equity arising under this Constitution, the laws of the United States, and treaties made or which shall be made under their authority" and Maxims of Equity (see original filing by Declarant, Table of Authorities); and

65. Declarant's purely equitable title deeds to be deposited are defined within the meaning at the time of the adoption of the Constitution 1789; and

66. Declarant is without notice, cause, evidence or proof that there is a superior legal cause than Plaintiff's legal claim by nature that can exclude Declarant from a court of equity under the rules of Chancery, without the public and without martial due process; and

Petition for Ex Parte and to Exclude Public under SEALED Proceeding
Notice of Conflict and Variance of Law
stephen paul, House of Gibson, Real Party in Interest
Page 15 of 17

67. Declarant states that he believes the Plaintiff is public U.S. Person, and sees no evidence it holds any private status or standing of the United States and therefore requires the court proceedings to be "Ex Parte" without the other party due to the conflict of jurisdictional matter involving the Trading with the Enemy Act and Emergency Banking Relief Act where Plaintiff has presented zero evidence to suggest it is of the same friendly status as Declarant, and Declarant believes that no evidence exists thereof; and

Wherefore the aforesaid, Declarant, a Private Civilian, California, American National, **demands the Court show cause why Declarant's private civilian rights in which he is clothed should be reduced, suspended, removed or commingled with public, legal, enemies, rebels, belligerents, lunatics, wards, *non compos mentis,* district citizens, territorial jurisdiction without organic acts of constitutional admittance, and orders to further show cause why Declarant's proceeding should not exclude the public and the press under seal, in judge's chambers, and the governing laws be arising from the deposit of the prerogative powers of the King's authority now devolved upon Declarant as One of the "We the People" combined with Maxims of Equity, and the rules of Chancery and that Declarant shall proceed during the entire proceedings "Ex Parte",**

**OR BE IT RESOLVED THAT**

**The court shall issue its judicial review or minute order private decree accordingly and that Declarant's proceeding shall exclude the public and the press, be private and sealed special proceedings, and Declarant shall proceed in exclusive equity under the Maxims of Equity, Declarant shall proceed Ex Parte for the duration of the proceedings and the Court shall follow the rules and principles of Equity and rules of process under rules of equity.**

**Declarant respectfully requests that said Ex Parte proceeding commence any time after February 15, 2019 in order to provide time to prepare documentation and other important elements of the proceeding.**

Petition for Ex Parte and to Exclude Public under SEALED Proceeding
Notice of Conflict and Variance of Law
stephen paul, House of Gibson, Real Party in Interest
Page 16 of 17

**Further Declarant Sayeth Naught.**

IN WITNESS WHEREOF, I, stephen paul, Private Civilian, Californian do hereunto set My Hand this twenty-eighth day of first month, two zero nineteen, and of the Independence of The United States of America the two hundred and forty-second, and do herewith preserve All Natural Liberties and Intrinsic Rights by virtue of the inherent authority vested in private civilians by My Creator and which all unalienable, inherent, substantive and preserved rights are secured by the Declaration of Independence (one thousand seven hundred seventy-six) and the perfected trust *res* per the Constitution for the United States of America (circa 1787) and the substantive laws therefrom, and do protect and preserve the proper proceeding in Law and Equity

Private Witness _jason bradley_ date _1/28/2019_

Private Witness _[signature]_ date _1/28/2019_

Private Civilian, Declarant _stephen paul_

**VERIFICATION**

I, stephen paul, make oath or affirmation under the Law of God and the Maxims of Equity that every fact set forth herein is true to the best of my knowledge, understanding and experience.

_stephen paul_
, stephen paul

Reserving all Intrinsic Rights and Natural Liberties, Without Recourse

**Proposed Order Attached Herewith following:**

Petition for Ex Parte and to Exclude Public under SEALED Proceeding
Notice of Conflict and Variance of Law
stephen paul, House of Gibson, Real Party in Interest
Page 17 of 17

**UNITED STATES DISTRICT COURT**
**CALIFORNIA CENTRAL DISTRICT, EASTERN DIVISION**

| | | |
|---|---|---|
| **U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST**<br>**Plaintiff(s)**<br>**Vs.**<br>**KENNETH COUSENS; JASON BRADLEY POWERS; JERRY BERNEATHY; STEPHEN PAUL GIBSON and DOES 1-10, inclusive**<br>**Defendant(s)** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO. 5:18-cv—02668-SJO-KK**<br><br>ORDER OF THE COURT |

# ORDER

**It is hereby ordered the cause is set at judge's chambers under seal accordingly and the Petitioner shall proceed *Ex Parte* in his special cause.**

JUDGE S. JAMES OTERO

________________________________

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)
Stephen Paul Gibson (575)779-0684
c/o SPG Utility Trust
305 N. 2nd Ave., Suite 198
Upland, California DMM & ZIP Exempt
near [91786]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

US BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST
PLAINTIFF(S),
v.
STEPHEN PAUL GIBSON, KENNETH COUSENS, JASON BRADLEY POWERS, JERRY BERNEATHY and DOES 1-10
DEFENDANT(S).

CASE NUMBER
ED CV18-02668 SJO (KKx)

**PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE**

I, the undersigned, certify and declare that I am over the age of 18 years, ~~employed~~ dwelling in the County of San Bernardino, State of California, and not a party to the above-entitled cause. On January 29, 2019, I served a true copy of Petition for Ex Parte and to Exclude Rubic etc., Notice of Conflict and Variance of Law by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served. Attach additional pages if necessary.)

Place of Mailing: Upland Main Post Office
Executed on January 29, 2019 at Upland, California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

☑ I hereby certify under the penalty of perjury that the foregoing is true and correct.

[signature]
*Signature of Person Making Service*

**ACKNOWLEDGEMENT OF SERVICE**

I, ______________________________, received a true copy of the within document on ______________.

______________________________
*Signature*

______________________________
*Party Served*