LA PORTE LAW
Donna L. La Porte, Esq. SBN 93428
2030 Main St., Suite 1300
Irvine, CA 92614
Tel:  949-230-7858
Fax: 949-861-6336
donna@laportelaw.net

Attorney for Plaintiff,
U.S. Bank, National Association As Legal Title Trustee For Truman 2016 SC6 Title Trust

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA (EASTERN DIVISION - RIVERSIDE)

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,<br><br>             Plaintiff,<br><br>    vs.<br><br>KENNETH COUSENS;<br>JASON BRADLEY POWERS;<br>JERRY BERNEATHY;<br>and DOES 1-10 inclusive,<br><br>             Defendants. | Case No.:  EDCV18-02668-SJO (KKx)<br><br>(UD Case No. UDFS1807601)<br><br>**NOTICE OF MOTION AND MOTION TO REMAND CASE AND REQUEST FOR ATTORNEY'S FEES AND COSTS OF PLAINTIFF U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE:     March 25, 2019<br>TIME:     10:00 a.m.<br>CTRM:    10C<br><br>**District Judge: S. James Otero**<br>**Magistrate Judge: Kenly Kiya Kato** |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD, IF ANY:**

PLEASE TAKE NOTICE that on March 25, 2019, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10C of the above-entitled court, located at 350 West 1st Street, Los Angeles, CA, 90012, Plaintiff U.S. Bank, National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("Plaintiff") will move this Court for an order remanding this case to the Superior Court

1 | of the State of California, County of San Bernardino.

2 |     The motion is made on the grounds that there is no federal subject matter jurisdiction in this action which was removed by "Third Party Intervener and Real Party In Interest, stephen paul" ("Third Party") in bad faith for the sole purpose of delaying the subject unlawful detainer action. Simply put, this is an unlawful detainer action involving only the issue of possession of real property located in San Bernardino County, which has been improperly removed to this Court by Third Party.

    This Motion is based on this Notice of Motion and Motion, and the accompanying Memorandum of Points and Authorities and the pleadings and papers on file in this action and upon such further oral and/or documentary evidence as may be presented at the hearing on this matter.

    THEREFORE, Plaintiff moves for an order by this Court 1). remanding this case to the Superior Court of the State of California, County of San Bernardino, Fontana Courthouse, 2). for a further order that no other person and/or entity shall be allowed to remove this subject unlawful detainer case to federal court, and, 3). that attorney's fees and costs be awarded to the Plaintiff.

                                        Respectfully Submitted,

                                        LA PORTE LAW

Dated: February 20, 2019                 By:    /s/ Donna L. La Porte
                                                        Donna L. La Porte, Esq.
                                                        Attorney for Plaintiff,
                                                        U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND FACTS

Plaintiff, U.S. Bank, National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("Plaintiff" or "Truman"), seeks an order remanding this case back to the Superior Court of the State of California for the County of San Bernardino, Fontana Courthouse, from where it was improperly removed by "Third Party Intervener and Real Party In Interest, stephen paul" ("Third Party"), because there are no grounds for federal subject matter jurisdiction.

The facts of this case are straightforward. This is a residential unlawful detainer action commenced after a non-judicial foreclosure sale. On or about November 7, 2018, a foreclosure sale of the real property commonly known as 1787 North Wilson Ave., Upland, CA 91784 ("Property"), was held and Plaintiff took title to the Property at the foreclosure sale ("Trustee's Sale") and received an executed Trustee's Deed Upon Sale, which was recorded in the Official Records in the office of the County Recorder of San Bernardino County, California, on November 9, 2018, as Instrument Number 2018-0408567 ("TDUS").[1] Title to the Property has been duly perfected in Plaintiff and Plaintiff is the lawful owner of the Property.

On or about November 16, 2018, after Plaintiff acquired title to the Property, Plaintiff caused to be duly served on the occupants of the Property a written notice requiring them to quit and deliver up possession of the Property to Plaintiff within the time period set forth in such notice ("Notice to Quit")[2].

On or about November 28, 2018, after the time to deliver up possession of the Property as set forth in the Notice to Quit had expired, Plaintiff filed a complaint for unlawful detainer against defendants Kenneth Cousens ("Cousens"), Jason Bradley Powers ("Powers"), Jerry Berneathy ("Berneathy"), and DOES 1-10, inclusive, in the San Bernardino Superior Court, Fontana District Courthouse, ("UD Complaint"), initiating the subject action, Case No. UDFS1807601 ("UD Action"). Third Party is not a named defendant in the UD Action.

---

[1] A true and correct copy of the Trustee's Deed Upon Sale is attached as Exhibit "1" to the Verified Complaint in the subject unlawful detainer action and is incorporated herein by reference.

[2] True and correct copies of the Notice to Quit and Proofs of Service thereon are attached as Exhibits "2" and "3," respectively, to the Verified Complaint in the subject unlawful detainer action and are incorporated herein by reference.

On December 27, 2018, Third Party filed the subject frivolous and incomprehensible "Notice of Filing and Notice of Removal of Superior Court, San Bernardino County, State of California" ("Notice of Removal") in the United States District Court, California Central District, Eastern Division, initiating Case No. CV18-02668 ("Removal Action") whereby the UD Action was removed to this Court.

The UD Action involves the issue of rightful possession of residential property after a foreclosure sale. The face of the UD Complaint identifies one cause of action for unlawful detainer. The action presents neither federal question basis nor a diversity basis for federal jurisdiction. Since this action is properly the subject of state court litigation, it is clear that the Third Party's attempt to further delay trial in the UD Action by removing it to a federal court is a farce, designed solely to harass the Plaintiff, to cause Plaintiff to incur further litigation costs, and to delay Plaintiff's legitimate attempts to gain possession of the Property.

Accordingly, this action is properly subject to a motion to remand and an award of reasonable attorneys' fees and costs.

## II.  REMAND IS NECESSARY BECAUSE THERE ARE NO GROUNDS FOR FEDERAL SUBJECT MATTER JURISDICTION.

"The right of removal is entirely a creature of statute and 'a suit commenced in state court must remain there until cause is shown for its transfer under some act of Congress.'" *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 280 (1918)). Generally, where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. *Id.*; *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012); *Gaus v. Miles, Inc.*, 980 F.2d 564,566 (9th Cir. 1992).

The removing defendant bears the burden of establishimg federal jurisdiction. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006); *Gaus*, 980 F.2d at 566-67. "Under the plain terms of section 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Prot.*, 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time

before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. section 1447(c). It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

There is a "strong presumption against removal." *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1089  (C.D. Cal. 2005). Accordingly, the "removing party always has the burden of establishing that removal is proper," and since the "removal statue is strict construed…any doubt about the right of removal is resolved in favor of remand." *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1089  (C.D. Cal. 2005).

Based on the Notice of Removal and state court records provided, it is clear that the Court lacks subject matter over the instant case and it should be remanded.

### 1.     There is No Federal Question Jurisdiction

Federal question jurisdiction extends to those cases in which a well-pleaded complaint establishes either that: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law. *Federal Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S.Ct. 2841 (1983). "The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint*". Wayne v. DHL Worldwide Express*, 294 F.3d. 1179, 1183 (9th Cir. 2002). The federal question must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. *Gully v. First Nat. Bank*, 299 U.S. 109, 113, 57 S.Ct. 96 (1936) The existence of a defense based on federal law is insufficient to support jurisdiction, even if both parties agree that the federal defense is the only question truly at issue. *Wayne,*  294 F.3d at 1183.  "The existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality,* 213 F.3d 1108, 1113 (9th Cir. 2000).

As a routine unlawful detainer action, Plaintiff could not have brought this action in federal court initially because the complaint does not competently allege facts creating federal subject matter jurisdiction, rendering removal improper. 28 U.S.C. §1441(a); see *Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563 (2005). Under 28 U.S.C. §§ 1331, 1441(b), this unlawful detainer action does not give rise to a federal question or substantial question of federal law because unlawful detainer "is purely a creature of California law." *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117 (N.D. Cal. June 6, 2011). Moreover, the face of the complaint specifically states one cause of action for unlawful detainer. The elements of an unlawful detainer action based upon the sale of real property at a trustee's sale are set forth in California Code of Civil Procedure § 1161(a), which provides in relevant part as follows:

> (b)   In any of the following cases, a person who holds over and continues in possession of a manufactured home, mobile home, floating home or real property after a three-day written notice to quit the property has been served upon the person, or if there is a subtenant in actual occupation of the premises, also upon such subtenant, as described in Section 1162, may be removed therefrom as prescribed in this chapter:
>
> …
>
> (3)   Where the property has been sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by such person, or a person under whom such person claims, and the title under the sale has been duly perfected.

Thus, Plaintiff is entitled to judgment upon establishing that the Property was sold in accordance with California *Civil Code* § 2924 and that the requisite notice to quit to defendants was served as described in California *Code of Civil Procedure* §1162. Ca. Code of Civ. Proc.§ 473 (c)(o)(1); <u>California Judges Benchguides: Landlord-Tenant Litigation: Unlawful Detainer</u> (Benchguide 31, 1997), sec. 31.26, pg. 31-24; *Stephens, Partain & Cunningham v. Hollis* (1987) 196 Cal.App.3d 948, 952; *Evans v. Superior Court*, (1977) 67 Cal.App.3d 162. As such, a post-foreclosure unlawful detainer Action is very narrow in scope and only addresses these few state law issues, based entirely on the California *Civil Code* and *Code of Civil Procedure*, not federal law.

Additionally, as set forth above, to the extent that Third Party's defenses to the UD Action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. Because Plaintiff's complaint does not present a federal question either on its face or as artfully pled, the court lacks jurisdiction under 28 U.S.C. § 1331.

The UD Action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California. Defendant has failed to allege facts to support federal questions jurisdiction and because the Complaint does not state a federal question or raise a federal claim on its face, the federal question jurisdiction cannot be used to support federal jurisdiction in this case. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); See also, *Moore-Thomas v. Alaska Airlines, Inc*., 553 F.3d 1241,1244 (9th Cir.2009)(setting forth the "well-pleading complaint rule").  Therefore, the UD Action should be remanded to the state court.

### 2.  There is no Diversity Jurisdiction under 28 U.S.C. § 1332 because the Amount in Controversy is Less than $75,000

This unlawful detainer action does not give rise to diversity jurisdiction. See 28 U.S.C. §§ 1332, 1441(b). The underlying complaint states that the amount in controversy does not exceed $10,000. Thus, Third Party failed to establish amount in controversy to invoke diversity jurisdiction under 28 U.S.C. §1332. Moreover, removal on the basis of diversity jurisdiction is not proper because Third Party resides in the forum state. 28 U.S.C. § 1441(b).

Since Third Party has failed to provide evidence with respect to the amount of controversy or the citizenship of the parties or the diversity of the parties in this matter, and because the amount in controversy is clearly less than $75,000.00, Plaintiff's Motion to Remand this case back to the state court should be granted.

## III.  PLAINTIFF IS ENTITLED TO RECOVER ITS ATTORNEYS' FEES AND COSTS INCURRED AS A RESULT OF THE FILING OF THE MOTION TO REMAND

On granting a motion for remand, the federal court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[3]  The statutory purpose is to deter the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly. [4]  In this case, there is no basis for federal subject matter jurisdiction.  Clearly established state and federal law unequivocally prohibit removal under the circumstances of this case. Moreover, this improper request for removal has frustrated the summary nature of the unlawful detainer action and has forced the prolonged expenditure of resources in both state and federal court.

---

[3] 28 U.S.C. § 1447(c); *Morris v. Bridgestone/Firestone, Inc*., 985 F.2d 238, 240. (6th Cir. 1993)
[4] *Circle Industries USA, Inc. v. Parke Const. Group, Inc*., 183 F.3d 105, 109. (2nd Cir. 1999).

Plaintiff respectfully submits that the Third Party filed the removal to this Court for one purpose: to harass Plaintiff by causing further litigation expenses and unnecessary delay, and otherwise to seek to impede Plaintiff's rights to recover possession of the Property, which it lawfully owns. As such, Plaintiff respectfully requests that it be allowed to recover its reasonable fees and costs incurred in filing this motion for remand in the amount set forth in the accompanying Declaration of Donna La Porte.

## IV. CONCLUSION

Based on the foregoing, it is clear that the Third Party's removal of the UD action to the Federal Court is improper, as neither federal question nor diversity jurisdiction exists in the UD Action. It is patently clear that this tactic was taken by the Third Party to harass Plaintiff and cause Plaintiff unnecessary delay in recovering possession of the Property.

Accordingly, this motion to remand should be granted and Plaintiff should be granted its reasonable fees and costs incurred in filing this motion for remand.

Respectfully Submitted,

LA PORTE LAW

Dated: February 20, 2019

By:   /s/Donna L. La Porte
Donna L. La Porte, Esq.
Attorney for Plaintiff,
U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

# CERTIFICATE OF SERVICE

I, Donna La Porte, declare:

I am over the age of eighteen and am not a party to the within action. My business address is 2030 Main Street, Suite 1300, Irvine, CA 92614.

On February 20, 2019, I served the foregoing NOTICE OF MOTION AND MOTION TO REMAND CASE AND REQUEST FOR ATTORNEYS FEES AND COSTS OF PLAINTIFF U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST; MEMORANDUM OF POINTS AND AUTHORITIES on all interested parties in this action by placing a true and correct copy thereof, enclosed in a seal envelope, addressed to the following:

Stephen Paul dba Stephen Paul Gibson
c/o SPG Utility Trust
305 N. 2nd Avenue, No. 198
Upland, CA 91786

[X]   (BY MAIL) I caused such envelope(s) to be deposited in the mail at Irvine, California. The envelope(s) were mailed with postage fully prepaid thereon. I am readily familiar with the firm's practices for collection and processing of correspondence for mailing. Under that practice, mail would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presume invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

[ ]   (BY ELECTRONIC SERVICE) Pursuant to the CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an email notification of the filing to the parties and counsel of record listed who are registered with the Court's EC/ECF system.

[X]   (FEDERAL) I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on February 20, 2019, at Tustin, California.

                                              ___/s/ Donna La Porte_____
                                              Donna La Porte