JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| **CASE NO.:** CV 18-02668 SJO (SSx) | **DATE:** March 19, 2019 |
| **TITLE:** U.S. Bank, National Association v. Kenneth Cousens, et al. | |

========================================================================

**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**

Not Present

**COUNSEL PRESENT FOR DEFENDANTS:**

Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND TO STATE COURT** [ECF No. 12]

This matter is before the Court on Plaintiff U.S. Bank, National Association ("Plaintiff") Motion for Remand to State Court ("Motion"), filed February 21, 2019. Neither Defendants Kenneth Cousens, Jason Bradley Powers, and Jerry Berneathy, (collectively, "Defendants") nor Third Party Intervenor Stephen Paul Gibson ("Intervenor") have opposed the Motion within the time frame provided by Local Rule 7-9. *See* L.R. 7-9 ("Each opposing party shall, . . . not later than twenty-one (21) days before the date designated for the hearing of the motion . . . serve upon all other parties and file with the Clerk either" its opposition brief or a statement of non-opposition). The Court found this matter suitable for disposition without oral argument and vacated the hearing set for March 25, 2019. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** Plaintiff's Motion, **REMANDS** the instant action to the Superior Court of the State of California, County of San Bernardino and **AWARDS** Plaintiff reasonable attorney's fees and costs.

I.      FACTUAL AND PROCEDURAL BACKGROUND

In its Complaint, filed November 28, 2018 in the Superior Court of the State of California, County of San Bernardino, Plaintiff asserts a single cause of action against Defendants: post-foreclosure unlawful detainer. (*See* Notice for Removal, Ex. 1 ("Compl."), ECF No. 1.) Intervenor Stephen Paul Gibson ("Gibson"), who was not a named defendant in the Compl., filed Notice of Removal on December 27, 2018 as a third-party intervener claiming an interest in the subject property. (*See* Notice of Removal 5, ECF No. 1.) Gibson argues that this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (*See* Notice of Removal ¶¶ 8, 18-20, ECF No. 1.) In particular, Gibson claims that because the instant action involves a matter of equity, he "seeks a proper Court seated in Article III judicial capacity." (Notice of Removal ¶¶ 18-19.) On February 21, 2019, Plaintiff filed Motion to Remand Case to Superior Court of State of California, County of San Bernardino. (Motion, ECF 12.)

///
///

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** CV 18-02668 SJO (SSx) | **DATE:** March 19, 2019 |

II.    DISCUSSION

    A.    The Court Lacks Subject-Matter Jurisdiction Over this Action

Remand is required in the instant case because this Court lacks subject-matter jurisdiction over the unlawful detainer action. As courts of limited jurisdiction, federal courts are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *See Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). Lack of subject-matter jurisdiction may be raised by any party at any time, and it is never waived. *See United States v. Cotton*, 535 U.S. 625, 630 (2002); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1163-64 (9th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See* 28 U.S.C. § 1447(c) ("Section 1447). The removing party bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Any doubt as to removability is resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Federal courts can properly exercise subject-matter jurisdiction pursuant to a number of statutes. For example, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" diverse parties. 28 U.S.C. § 1332. Moreover, "district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1332. Finally, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

It is the last of these provisions—commonly referred to as federal question jurisdiction—that is implicated in the Intervenor's Notice of Removal. Typically, federal question jurisdiction exists only "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Indeed, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint." *Id.* (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14, 103 S.Ct. 2841 (1983)).

Here, Gibson only argues that because he seeks "equitable and injunctive relief," an Article III court is the proper court for adjudicating the instant case. (Notice of Removal ¶¶ 3-5, 8, 18-20.) Because unlawful detainer actions do not "arise under" the Constitution, laws, or treaties of the United States and because "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court," however, the Court lacks subject-matter jurisdiction over the instant action. For both of the foregoing reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this action to the Superior Court of the State of California, San Bernardino County.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** <u>CV 18-02668 SJO (SSx)</u> | **DATE:** <u>March 19, 2019</u> |

    B.    <u>Award of Attorneys' Fees in Cases in Which Action Is Remanded</u>

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A district court may only award payment of fees and costs under section 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In deciding whether to award payment of fees and cost, the Court must consider the statutory purpose, which is to deter the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly. *Circle Indus. USA, Inc. v. Parke Constr. Grp., Inc.*, 183 F.3d 105, 109 (2nd Cir. 1999).

The Intervenor's sole argument for invoking federal question jurisdiction falls flat in the face of Supreme Court precedent that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. WIlliams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). Thus, the Court finds that the Intervenor lacked an objectively reasonable basis for seeking removal, and accordingly concludes that Plaintiff is entitled to reasonable attorneys' fees pursuant to 28 U.S.C. § 1447(c).

III.    <u>RULING</u>

For the foregoing reasons, the Court **GRANTS** U.S. Bank, National Association's Motion for Remand to State Court. The Court **REMANDS** the instant action to the Superior Court of the State of California, County of San Bernardino and **AWARDS** Plaintiff its reasonable attorneys' fees and costs associated with the filing this motion. Plaintiff shall submit an accounting of those fees and costs within **10 days** from the date of this Order. This matter shall close.

IT IS SO ORDERED.